## GARDNER v. MELLON, Secretary of the Treasury, et al.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1925. Rehearing Denied June 8, 1925.) .

No. 4543.

Injunction ⊜75—Priest, not possessing permit to purchase wine for sacramental purposes, held not entitled to injunction prohibiting interference with purchases.

Under National Prohibition Act, tit. 2, §§ 3, 5, 6 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½bb, 10138½c), and sections 1110, 1120 and 1124 of Regulations 60, Revised March, 1924, relating to withdrawal of wine for sacramental purposes, priest, who did not hold. permit to purchase wine at time of hearing, *held* not entitled to enjoin Prohibition Director and other federal officers from interfering with his procurement of wine for sacramental and like religious rites, pending investigation.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit by Karl H. M. Gardner to enjoin Andrew W. Mellon, as Secretary of the Treasury, and others, from preventing or interfering with plaintiff's procurement, possession, and use of wine for sacramental and like religious rites. From an order denying a temporary injunction, plaintiff appeals. Affirmed.

Karl H. M. Gardner, of Los Angeles, Cal., in pro. per.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson, Asst. U. S. Atty., both of Los Angeles, Cal., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. ˆ The present suit was instituted by the appellant as priest of the Holy Rosikrucian Church of Los Angeles, against the Prohibition Director and other federal officials to restrain them·from preventing or interfering with the procurement, possession, use, or distribution of wine, by the appellant, for sacramental or like religious rites. From an order denying a temporary injunction, this appeal, is prosecuted.

Section 3, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa) provides that liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished, and possessed, but only as therein provided, and that the commissioner may, upon application, issue per-

mits therefor. Section 6 (section 10138½c) provides that all permits to manufacture, prescribe, sell, or transport liquor may be issued for one year and shall expire on the 31st day of December next succeeding the issuance thereof; provided, that the commissioner may without formal application or new bond extend any permit under the act or laws now in force after August 31 in any year to December 31 of the succeeding year. The same section further provides that no one shall manufacture, sell, purchase, transport, or prescribe ˙any liquor without first obtaining a permit from the commissioner so to˙do, with certain exceptions not material here, and, in the event of the refusal by the commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the manner provided in section 5 of the act (section 10138½bb). Sections 1110 and 1120 of Regulations 60, revised March, 1924, prescribe the form and contents of applications for permits, and section 1124 provides that if the Director is satisfied that the application bears the genuine signature of a rabbi, minister of the gospel, priest, or duly authorized officer of a church or congregation, and, unless he has reason to believe that the wine is not intended for use for sacramental purposes or like religious rites, he will authenticate the application.

It appears from the amended complaint in this case that the Prohibition Director for California, under date of March 13, 1922, notified the bonded wineries of the state that the method of procurement and distribution of sacramental wines by the Holy Rosikrucian Church was under investigation and requested them not to fill applications for withdrawals of wine until the investigation was completed and until they received further notice that the church was within the law in receiving such sacramental wines. It does not appear from the amended complaint that the appellant had a valid permit for the purchase of wine at the time of the hearing in the court below. Indeed, it does not appear that he ever procured such a permit; but, if he did, the same had expired long prior to the application for an injunction. It is manifest, therefore, that the appellant has mistaken his remedy. He must first apply for a permit on the form and in the manner prescribed by the regulations, and if the permit is refused, he may then have a review of the decision of the commissioner in a court of equity. Whether in connection with such a review the court may issue a temporary injunction, we need not now inquire,

because it is manifest from what we have said that the amended complaint and the accompanying affidavits utterly fail to establish a right to injunctive relief.

The order of the court below is therefore affirmed.